| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 04 C 2955 | DATE | 9/30/2004 |
| CASE TITLE | US ex rel. Soto vs. Liebach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Liebach's motion (Doc 11-1) to dismiss is granted and Soto's petition for writ of habeas corpus is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 01 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 15 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | OCT 01 2004 date mailed notice | |
| SCT | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. HECTOR SOTO, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 04 C 2955 |
| BLAIR LIEBACH, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

OCT 0 1 2004

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Respondent Blair Liebach's motion to dismiss. For the reasons set forth below, the motion is granted.

## BACKGROUND

Petitioner, Hector Soto ("Soto"), is currently in the custody of the Danville Correctional Center in Danville, Illinois, and is identified as prisoner number B16988. Respondent Blair Liebach ("Liebach") is the facility's warden. On November 15, 1999, Soto pled guilty to first degree murder and was sentenced to 44 years in prison. He did not appeal his conviction or sentence. On April 2, 2002, Soto filed a post-conviction petition, which was denied on May 13, 2002. He attempted to appeal that ruling but failed to file the record on appeal within the time allotted by Supreme Court

Rule 326. As a result, the Illinois Appellate Court dismissed the case for want of prosecution on April 18, 2003. Soto has exhausted his state court remedies in that he is foreclosed from further pursuing his constitutional claims in a state court forum. See 725 ILCS 5/122-1 *et seq.*

On April 15, 2004, Soto filed before this court a petition for writ of habeas corpus. First, Soto claims ineffective assistance of trial counsel for failure to request a fitness hearing. Second, Soto claims that the plea proceedings were unreliable where the trial court failed to inquire into the effects of medications prescribed to him where the court had been advised of the medications. Finally, Soto claims that his guilty plea was involuntary where he suffered from mental illness and the corrective medications administered impeded his ability to: 1) participate in his defense; 2) fully understand the plea proceedings as a whole; and 3) understand the consequences of such a plea. Liebach maintains that Soto's petition is time-barred and must be dismissed. Liebach contends that the one-year statute of limitations for filing a federal habeas corpus petition began to run on the date on which judgment became final by the expiration of time allowed for seeking review under Section 2244(d)(1)(A) of Title 28 of the United States Code.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244(d)(1) of AEDPA provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a [s]tate court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to the filing of an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Gutierrez v. Schomig, 233 F.3d 490, 491 (7th Cir. 2000). The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To be "properly filed" a post-conviction petition must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite

filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 363-34 (2000). With these considerations in mind we now turn to Liebach's motion to dismiss Soto's petition for writ of habeas corpus as untimely.

## DISCUSSION

Liebach contends that, according to Supreme Court Rule 604(d), Soto's right to appeal in a case involving a guilty plea expired on December 15, 1999, which was 30 days after November 15, the date that sentence was imposed. Liebach claims that as a result, the one-year statute of limitations expired on December 15, 2000. Soto counters that he was sentenced on November 15, 1999, and because he took no appeal, the earliest date that Soto was required to file his post-conviction petition was three years from the date of conviction, under 725 ILCS 5/122-1(c). This statutory provision, Soto argues, rendered his post-conviction petition (filed by Soto on April 2, 2002) due by November 15, 2002. Alternatively, Soto further argues that there is a distinct possibility that Section 2244(d)(1)(A) of the AEDPA does not apply in his case or in any case in which a conviction was obtained via guilty plea. We disagree and find no merit to either of Soto's assertions.

The one-year statute of limitations for filing a federal habeas petition began to run on the date on which judgment became final by the expiration of time for seeking review. Under Supreme Court Rule 604(d), Soto's right to appeal his case, which

involved a guilty plea, expired 30 days after November 15, 1999, the date sentence was imposed. Soto failed to move to withdraw his guilty plea within the time allotted; thus, the judgment became final 30 days later on December 15, 1999. Because Soto's petition was not filed by December 15, 2000, the one-year statute of limitations period set forth in 28 U.S.C. § 2244 the petition is time-barred.

Soto contends that his petition is not time-barred because his post-conviction petition was timely filed. Soto's argument is misguided. The AEDPA one-year statute of limitations clock began running on December 15, 1999, the date judgment became final. If Soto had properly filed a post-conviction petition at some point within the year following December 15, 1999, the AEDPA statute of limitations clock would have paused or, put another way, tolled but not reset itself. The clock would have then continued to run after the disposition of the post-conviction petition. See Carey v. Saffold, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138 (2002) (discussing the tolling effect that a properly filed application for state post-conviction review will have on the AEDPA statute of limitations). Here, Soto did not file his post-conviction petition until April 2, 2002, well after the December 15, 2000 deadline according to the AEDPA one-year statute of limitations. The time between the date of the expiration of direct review and the date Soto filed his state post-conviction petition was not tolled because

nothing was "pending" in state court. See Lloyd v. Van Natta, 296 F.3d 630, 632 (7th Cir. 2002); see also Love v. Trancoso, 2004 WL 1660629, *2 (N.D. Ill. 2004).

Finally, Soto's argument that Section 2244(d)(1)(A) does not apply in his case or in any case in which a conviction was obtained via guilty plea is incorrect as no such exception exists. Section 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to *the judgment of a [s]tate court.*" 28 U.S.C. § 2244(d)(1) (emphasis added). No provision of the AEDPA qualifies *how* the state court judgment must be reached, whether via a guilty plea or by trial. Numerous courts have applied AEDPA's provisions involving cases where guilty pleas were entered. See generally Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120 (2001); Altman v. Benik, 337 F.3d 764 (7th Cir. 2003); U.S. ex rel. Andrews v. McAdory, 2004 U.S. Dist. LEXIS 4475 (N.D. Ill. 2004). We therefore conclude that the AEDPA does apply in the present situation.

## CONCLUSION

Based on the foregoing analysis, Liebach's motion to dismiss is granted and Soto's petition for writ of habeas corpus is dismissed with prejudice.

/s/ Charles P. Kocoras

Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 3 0 2004